**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN EWING, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 10–3012-CV-S-RED-H |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he appears to challenge his initial civil commitment and his conviction. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner thereafter filed a Motion to Withdraw. Petitioner was provided an opportunity to file a *pro se* traverse. In his traverse, it appears that he continues to challenge his commitment pursuant to 18 U.S.C. § 4241(d), and his underlying criminal conviction.

A review of the record indicates that petitioner is committed pursuant to 18 U.S.C. § 4244 by the United States District Court for the Central District of Illinois. He is currently incarcerated at the Medical Center for Federal Prisoners.

According to the record, petitioner has filed a 28 U.S.C. § 2255 petition in the Central District of Illinois challenging his underlying conviction, and that petition is now pending disposition. United States v. Ewing, 02-CR-20008-MPM-DGB-1 (C.D. Ill., Feb. 4, 2010). It is

clear that a petition under § 2255 in this district is improper. A petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). Given that petitioner has a case pending in the sentencing court, and because his request for habeas corpus relief on this issue is not properly before this Court, it must be recommended that petitioner's claim for habeas corpus relief on this issue be dismissed without prejudice.

Regarding petitioner's initial commitment under §4241(d), a review of the record indicates that petitioner was properly committed pursuant to that statutory provision in 1997. He was eventually committed under § 4244. The record indicates that he was properly committed through the mental health statutes. Accordingly, it must be recommended that the petition be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

the petition herein for writ of habeas corpus be dismissed without prejudice.


                                              /s/ James C. England  
                                              JAMES C. ENGLAND  
                                              United States Magistrate


Date:  5/17/10